427 A.2d 1154

In the Matter of William NUGENT, Esquire.

Appeal of William NUGENT, Esquire at No. 367.

Appeal of Edward G. RENDELL, District Attorney at No. 368.

Supreme Court of Pennsylvania.

Argued April 24, 1980.

Decided Sept. 22, 1980.

Reargument Denied Feb. 17, 1981.

William Nugent, Asst. Dist. Atty., David Rudovsky, Philadelphia, for appellant in case no. 367.

Steven H. Goldblatt, Deputy Dist. Atty.—Law, Philadelphia, for appellant in case no. 368.

Charles W. Johns, Howland W. Abramson, Richard P. Haaz, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

On August 4, 1978, appellant, William Nugent, Esquire, an Assistant District Attorney in the Philadelphia County District Attorney's office was found guilty of direct criminal contempt in the Court of Common Pleas of Philadelphia County. As a result of the contempt conviction, appellant was prohibited, for a period of six months, from practicing in the courtroom of the trial judge, I. Raymond Kremer. This direct appeal followed.[1]

---

1. Appellant filed an appeal in his own right. Edward G. Rendell, Esquire, District Attorney of Philadelphia County, has also appealed, alleging that the finding of contempt impairs his ability to prosecute crime in Philadelphia. Rendell also alleges that the sentence imposed improperly deprives him of his lawful authority to run the office.

The facts are as follows. On August 3, 1978, appellant and Bruce Sagel, Esquire, another Assistant District Attorney, were representing the Commonwealth in the cases against three defendants, Lennis Pompey, Alfred Anderson and Ronald Moffatt, all of whom had entered pleas of guilty to numerous burglary and theft charges. After Moffatt had tendered his plea, the trial court asked if Moffatt had a prior record. When Moffatt's attorney indicated that Moffatt was a first offender, Sagel informed the court that Moffatt had an outstanding fugitive warrant from New Jersey. Sagel also criticized Moffatt's attorney for misrepresenting his client's record. The trial court had some question as to whether it could consider the warrant and asked Sagel to research the applicable law and bring it to court the next day along with all documents pertaining to Moffatt's criminal record. When Sagel informed the court that he could not be in court, appellant agreed to fulfill the court's request.

The following morning, appellant informed the court that the F.B.I. could not deliver the requested documents until sometime that afternoon. After chastising appellant for not having the documents and then launching into an attack about the conduct of the office of the District Attorney, the trial court referred to his opinion in *Commonwealth v. Brooks*[2] and informed appellant that the court did not "wish to hear another solitary word from the District Attorney" unless appellant apologized to Moffatt's attorney for Sagel's statements the previous day. The following exchange then occurred:

"MR. NUGENT: Your Honor, I take exception to that.

"THE COURT: You may sit down, young man.

"MR. NUGENT: Sir. I will sit down. But I do take exception—

2. The order issued in *Commonwealth v. Brooks* was the result of a disagreement between Judge Kremer and District Attorney Rendell. The gist of the order was that no Assistant District Attorney could participate in any sentencing proceedings before Judge Kremer. Evidently, however, Judge Kremer did allow, on an *ad hoc* basis, some Assistant District Attorneys to participate during sentencing.

"THE COURT: I'm not interested in your exception, and you are not in this case. Now, sit down.

"MR. NUGENT: Very well, Your Honor."

The court then began questioning Moffatt about his criminal record, when the following occurred:

"THE COURT: Then the District Attorney's statement that you had a record was not accurate; is that correct?

"DEFENDANT MOFFATT: I guess so.

"THE COURT: You have never been convicted?

"DEFENDANT MOFFATT: No, Your Honor.

"MR. NUGENT: Your Honor—

"THE COURT: I don't want to hear from you, Mr. Nugent. You are not in this case. Don't misunderstand me. I will make it clear. I have ordered and directed that you are not in this case. I have not granted leave for Mr. Sagel to withdraw.

"Now, I am going to spell it out, so we understand each other. It is well known that I do not use the item of contempt. I have ordered you to sit down and stay out of this case. There is only one thing left for you to do. You may return to your office and bring anybody you want to, but I have ordered you not to open your mouth again.

"Now, there is only one option you have open to you after that. Under the decision in Commonwealth versus Schofield, you owe only a duty of respectful submission to this Court. Under the situation in Commonwealth versus Schofield, if you do not obey my order, it is my intention to hold you in contempt if you violate that order. From that order you owe a duty of respectful submission and only a right of appeal. In the event that I hold you for contempt, if I sentence you to a term less than six months, that will be done summarily for disobedience to the direct order of the Court. If I impose a fine, that also will take immediate effect.

"In the event that I seek to sentence you for more than six months, then you would have a right to jury trial.

"I have now warned you of your rights. You understand them, and I direct you now, without further word, to sit down.

"MR. NUGENT: Your Honor, I wish to speak. I take exception—

"THE COURT: I hold you in contempt. The sheriff may take Mr. Nugent into custody for violation of a direct order of this Court.

"Now we will proceed."

Appellant argues that there is insufficient evidence in the record to support his conviction for contempt of court. As the legislature has provided:

"The power of the several courts of this Commonwealth to issue attachments and to inflict summary punishments for contempts of court shall be restricted to the following cases:

"(1) The official misconduct of the officers of such courts respectively.

"(2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.

"(3) The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice."

Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 4131.[3]

As the trial court, in its opinion, found that appellant's conduct violated subsections (2) and (3), we must determine if the instant record supports a finding that appellant had violated either of those subsections.

■ As we stated in *In re Johnson*, 467 Pa. 552, 557, 359 A.2d 739, 742 (1976):

"Criminal contempt of court is a crime. In a prosecution for criminal contempt, the Commonwealth has the burden of proving *every element* of the crime *beyond a*

3. This statute is a reenactment of the Act of June 16, 1836, P.L. 784, § 23, 17 P.S. § 2041.

*reasonable doubt.* See *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975)." (Emphasis added.) [4]

In discussing Subsection (2), we have stated:

"Subsection II permits the court to punish 'disobedience or neglect' of its *'lawful process.'* Parties must obey decrees and orders, witnesses must appear when subpoenaed, jurors must present themselves when called. There must be a formal order directed to a specific person or group of persons, but the refusal to comply need not occur in the court's presence. Subsection II permits the courts to compel compliance with formal orders necessary or resulting from the trial of lawsuits." *In re Johnson, supra,* at 556, 741. (Emphasis added.)

In the instant case, appellant was held in contempt, in effect, for attempting to lodge an objection after being told by the trial court to sit down and not participate in the sentencing proceedings because of the court's prior order in *Commonwealth v. Brooks.* See n.2, *supra.*

In *Maness v. Meyers,* 419 U.S. 449, 459, 95 S.Ct. 584, 591, 42 L.Ed.2d 594 (1975), the court stated:

"The orderly and expeditious administration of justice requires that 'an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it has been reversed by orderly and proper proceedings.' (Citations omitted) ... This does not mean, of course, that every ruling by a presiding judge must be accepted in silence. *Counsel may object to a ruling*". (Emphasis added.)

As one court has stated:

"A court of law is not the personal fiefdom of the individual who happens to be sitting on the bench.... If a lawyer can be denied the opportunity even to address the court on the subject of what he conceives to be valid

---

**4.** While the defendant in *Johnson* was adjudged guilty of contempt following a hearing four months after the allegedly contemptuous conduct occurred, we yet assert that the instant record must show every element of the crime beyond a reasonable doubt if the instant conviction is to be affirmed.

objection, it is hard to imagine what part of his function as advocate is left to him." 365 F.Supp. 941, 948 (D.C.Hawaii 1973), reversed on other grounds, 509 F.2d 39 (1975).

We find abhorrent any attempt by a trial court to stifle an attorney's advocacy by refusing to allow objections and we certainly will not affirm a contempt conviction based on such conduct.[5]

We likewise believe appellant has not violated Subsection (3). As we stated in *Commonwealth v. Garrison*, 478 Pa. 356, 386 A.2d 971 (1978) (plurality opinion):

> "Subsection III, like its federal counterpart 18 U.S.C. § 401 (1) requires proof beyond a reasonable doubt of (1) misconduct, (2) in the presence of the court, (3) committed with intent to obstruct the proceedings, which (4) *obstructs the administration of justice*." (Emphasis added.)

Instantly, appellant only attempted to make objections, which in no way obstructed justice. Finding no disruptive action on appellant's part, we cannot affirm his contempt conviction based on Subsection (3).

Judgment of sentence reversed.[6]

NIX, J., files a dissenting opinion in which FLAHERTY, J., joins.

LARSEN, J., files a dissenting opinion in which FLAHERTY, J., joins.

5. We believe the case of *Pennsylvania v. Local 542, Intern. U. of Op. Engrs.*, 552 F.2d 498 (3d Cir. 1977), relied on heavily by the trial court, is inapposite. In that case, an attorney was attempting to state the basis of his objection. The court told the attorney this was not necessary as "Whatever you have, as a matter of law, as the basis of your objection, you will be the beneficiary of." The attorney did not then have to be concerned with any possible waiver. Further, the trial court warned the attorney over ten times about his conduct before holding him in contempt.

6. Because of our disposition of this issue, we need not reach appellant's second issue; i. e., Did the use of summary contempt violate appellant's right to due process of law? Further, we need not decide whether District Attorney Rendell has standing to contest the conviction and sentence.

NIX, Justice, dissenting.

I cannot agree with the majority's conclusion that appellant's conduct failed to constitute a violation of subsection 2, Act of July 9, 1976, P.L. 586, No. 142 § 2, 42 Pa.C.S.A. § 4131. Under subsection 2, *"parties must obey decrees and orders,* witnesses must appear when subpoenaed, jurors must present themselves when called. *There must be a formal order directed to a specific person* or group of persons, but the refusal to comply need not occur in the court's presence." *In re Johnson,* 467 Pa. 552, 556, 359 A.2d 749, 741 (1976) (emphasis added) "A conviction of contempt for violation of a court order can be sustained only if the order or decree was definite, clear, specific and left no doubt or uncertainty in the mind of the person to whom it was addressed of the conduct prohibited" *Commonwealth v. Garrison,* 478 Pa. 356, 368–9, 386 A.2d 971, 977 (1978).

In the instant case, the court specifically ordered appellant to sit down, stay out of the case, and remain silent.

"THE COURT: I don't want to hear from you Mr. Nugent. You are not in this case. Don't misunderstand me. I will make it clear. I have ordered and directed that you are not in this case. I have not granted leave for Mr. Sagel to withdraw.

"Now, I am going to spell it out, so we understand each other. It is well known that I do not use the item of contempt. *I have ordered you to sit down and stay out of this case. There is only one thing left for you to do.* You may return to your office and bring anybody you want to, but, *I have ordered you not to open your mouth again.*

"Now, there is only one option you have open to you after that. Under the decision in Commonwealth versus Schofield, you owe only a duty of respectful submission to this Court. Under the situation in Commonwealth versus Schofield, if you do not obey my order, it is my intention to hold you in contempt if you violate that order. From that order you owe a duty of respectful submission and only a right of appeal. In the event that I hold you for contempt, if I sentence you to a term less than six months,

that will be done summarily for disobedience to the direct order of the Court. If I impose a fine, that also will take immediate effect.

"In the event that I seek to sentence you for more than six months, then you would have a right to jury trial.

"*I have now warned you of your rights. You understand them, and I direct you now, without further word, to sit down.*

"MR. NUGENT: Your Honor, I wish to speak. I take exception—

"THE COURT: I hold you in contempt. The sheriff may take Mr. Nugent into custody for violation of a direct order of this Court.

"Now we will proceed."

(emphasis added)

The preceding order and warning was definite, clear, specific and could not have left any doubt or uncertainty in appellant's mind as to its meaning. Therefore, I find appellant's conduct falls within subsection 2.

The majority also contends that appellant was merely attempting to lodge an objection after being told by the trial judge to sit down and not participate in the sentencing proceedings. It is clear from the exchange between the trial judge and appellant, that appellant's objection was of record before he was held in contempt. In *United States v. Seale,* 461 F.2d 345 (7th Cir. 1972) the court held that one's belief that certain action was necessary to preserve claims for appellate review does not excuse violation of a direct order of the trial judge.

Furthermore, had no objection been made, there would be no danger of foreclosing appellate review of the judges order to refrain from participation in the sentencing proceeding.

A court of appeals could not penalize a litigant solely because his attorney fulfilled his well established obligation to comply with the orders of a trial judge. [citations omitted] To conclude otherwise would require us to ascribe an irrationality to the appellate process which our

objective respect for the judicial system will not permit. *Pennsylvania v. Local Union 542, Intern. U. of Op. Engrs.*, 552 F.2d 498, 506 (3rd Cir. 1977)

It is well settled that the invalidity of a court order generally is not a defense in a criminal contempt proceeding. *Walker v. City of Birmingham*, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967).

Notwithstanding an attorney's obligation to zealously advocate his or her positions, "the dignity, the independence, and the control of the court must not be degraded by lawyers who equate contempt with courage. The processes of orderly trial, which are the supreme object of the lawyers calling, must be protected." *Pennsylvania v. Local Union 542, Intern U. of Op. Engrs.*, supra at 503.

FLAHERTY, J., joins in this dissenting opinion.

LARSEN, Justice, dissenting.

The majority has sanctioned the courtroom misconduct of an assistant district attorney under the guise of trial advocacy. Because I cannot agree with such a resolution of this case, I dissent.

It is well established that the invalidity of a court order is not a defense to a contempt conviction. *Walker v. City of Birmingham*, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967). Thus, even if Judge Kremer's order were invalid, that invalidity would not be grounds for reversing appellant's conviction. In any event, I believe that Judge Kremer's order was valid and that appellant's violation of that order constituted criminal contempt.

While it is certainly proper for a judge to allow the prosecutor to present information to the court for sentencing purposes,[1] there is no authority for affording the prose-

1. Rule 1405(a), Pa.R.Crim.P. provides in pertinent part:
   At the time of sentencing, the judge shall ... afford counsel for both parties an opportunity to present argument and information relative to sentencing.
   Section 6.2 of the A.B.A. Standards Relating to the Prosecution Function provides:

cutor an absolute right to speak his mind at sentencing. The facts in this case reveal that although appellant had agreed to present the court, prior to sentencing, with documents and a written report concerning defendant Moffatt's criminal record, appellant failed to make these documents available for the court's consideration. I would hold that this lack of cooperation on the part of appellant was justification for the court's order denying appellant further opportunity to speak on the issue of sentencing.

Because I believe that the court's order to appellant was entirely proper, the only issue remaining is the sufficiency of the evidence supporting appellant's conviction. 42 Pa.C.S.A. § 4131 allows summary punishment for contempt when there is

> (2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.

We have held that

> [c]ontempt under subsection II is justified only if the contemnor had notice of the specific order or decree, . . . the act constituting the violation was volitional, . . . and the contemnor acted with wrongful intent. . . . [T]his Court has adopted the standard of intent prevailing in the federal courts that the contemnor "knows or should reasonably be aware that his conduct is wrongful." (Citations omitted.)

*Commonwealth v. Garrison,* 478 Pa. 356, 369, 386 A.2d 971, 977–78 (1978).

In the instant case, all the elements of the crime of contempt are present. It is undisputed that appellant had notice that the court wished him to remain silent during the remainder of the sentencing proceeding; he initially excepted twice to the court's order. Appellant's violation of this

The prosecutor should assist the court in basing its sentence on complete and accurate information for use in its presentence report. He should disclose to the court any information in his files relevant to the sentence. If incompleteness or inaccurateness in the presentence report comes to his attention, he should take steps to present the complete and correct information to the court and to defense counsel.

order was volitional; he renewed his attempt to participate in the sentencing even after he had acquiesced in the court's request to remain silent and he attempted to speak yet again after the court warned that it would adjudge him in contempt. Finally, appellant's intent in violating the order was also wrongful; every assistant district attorney knows or should reasonably be aware that he has no right to ignore a court order that concerns the conduct of a case before the court.

Since there is sufficient evidence to support appellant's conviction of contempt, I dissent from the majority's reversal of that conviction.

FLAHERTY, J., joins in this dissenting opinion.