435 A.2d 581

In the Matter of Robert CAMPOLONGO, Esquire.

Appeal of Robert CAMPOLONGO, Esquire, Appellant.

Appeal of Edward G. RENDELL, District Attorney of Philadelphia County.

Supreme Court of Pennsylvania.

Argued April 29, 1981.

Decided Oct. 9, 1981.

628

Robert Campolongo, Asst. Dist. Atty., John Rogers Carroll, Philadelphia, for appellant at 148.

Steven H. Goldblatt, Deputy Dist. Atty., Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., for appellant at 149.

Charles W. Johns, Howland W. Abramson, Philadelphia, for appellee.

Before ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

KAUFFMAN, Justice.

This is a direct appeal from an order of the Court of Common Pleas of Philadelphia summarily holding appellant, Assistant District Attorney Robert Campolongo, in direct criminal contempt of court.[1] Because the evidence is insufficient to support a summary contempt conviction, we reverse.[2]

On March 23, 1979, during the first day of the trial of Philadelphia police officer charged with simple and aggravated assault and recklessly endangering another person, the court cited both appellant and defense counsel for contempt of court and fined each $250.00. Although he entered an order, the trial judge did not write an opinion explaining the basis for the summary contempt convictions. On March 29, 1979, after the second day of testimony, the court declared a mistrial *sua sponte* on the grounds of intentional prosecutorial misconduct and also granted the defendant's motion for a mistrial on the same grounds. In a lengthy opinion in

1. Except where otherwise stated, "appellant" refers to Assistant District Attorney Robert Campolongo. Edward G. Rendell, District Attorney of Philadelphia, has also appealed, asserting that the finding of contempt impairs his office's ability to prosecute crime in Philadelphia. Because of our disposition of this matter on the issues raised by Assistant District Attorney Campolongo, we need not decide whether District Attorney Rendell has standing to challenge the conviction.

2. Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, § 2, *as amended*, 42 Pa.C.S.A. § 722.

support of the mistrial, the court described "a deliberate, intentional, repeated pattern on the part of the Assistant District Attorney to prejudice [the accused police officer] by inflaming the passion of the jury with evidence, demonstrations, and details of crimes for which [he] was not on trial."

Neither the record nor the trial court's opinion explaining the mistrial clarifies which acts of appellant led to the contempt citation. The particular incident which apparently provoked both summary convictions occurred after appellant objected to defense counsel's assertion that a Commonwealth witness was trying to "stare [him] down." The court sustained this objection and directed defense counsel not to argue with the witness. Later, during the recross-examination of the same witness by defense counsel, the following exchange occurred:

BY [DEFENSE COUNSEL]:

Q. Is there any reason that you are so hostile to me?

A. [BY COMMONWEALTH'S WITNESS] I'm not hostile.

[APPELLANT]: Objection, argumentative. *Is there any reason why he's hostile to her?*

THE COURT: Gentlemen, take the jury out. This is a nice time to take a recess. We are going to put these people in line.

The witness can step outside.

[The following took place in open court outside the presence of the jury and witness:]

THE COURT: Gentlemen, I have warned you from the beginning of this trial, both of you, that I will tolerate no further theatrics, screaming, yelling, shouting, pointing, gestulating [sic], jumping up and down, which *both of you have engaged in* several times throughout this trial.

You both have been warned. You are fined $250.00 each. Pay it to the Court tomorrow. Any further outbursts and I will increase the amount. That way we will remedy the situation.

We have taken a *short recess.* Try to collect yourselves and calm yourselves down.[3] (Emphasis supplied)

The above-quoted statements of the court offer the only explanation on the record of the contempt citations, and no warning was given on the record to either counsel that the court was contemplating such drastic action. Significantly, the detailed opinion supporting the mistrial fails even to mention this incident, but relies instead on a pattern of intentional prosecutorial misconduct, much of which occurred *after* the contempt citations of *both* counsel.

■ The defendant purpose of imposing summary punishment for criminal contempt proceedings is the vindication of the dignity and authority of the court and the protection of the interests of the general public. *Commonwealth v. Marcone*, 487 Pa. 572, 577, 410 A.2d 759, 762–63 (1980).[4] Although the law has long recognized the inherent power of the courts to impose summary punishment for contemptuous misconduct,[5] that power has been limited in this Commonwealth by Section 4131 of the Judicial Code[6]:

§ 4131. Classification of penal contempts

The power of the several courts of this Commonwealth to issue attachments and to inflict summary punishments for contempts of court shall be restricted to the following cases:

(1) The official misconduct of the officers of such courts respectively.

**3.** N.T. March 23, 1979, pp. 3–96, 3–97.

**4.** Direct criminal contempt consists of misconduct in the presence of the court or misconduct so near thereto as to interfere with the immediate business of the court or disobedience to the lawful process of the court. *Commonwealth v. Marcone*, 487 Pa. 572, 579, 410 A.2d 759, 762–63 (1980).

**5.** *Commonwealth v. Marcone, supra*, n.4, 487 Pa. at 579, 410 A.2d at 763. *See also Codispoti v. Pennsylvania*, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974); *Mayberry v. Pennsylvania*, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971).

**6.** Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 4131 (1981).

(2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.

(3) The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.

The trial court failed to designate the statutory basis for its contempt citations, but it is clear that only Subsection (3) could be applicable. Subsection (1) has been held to pertain only to court officials performing ministerial duties,[7] while subsection (2) provides punishment for failure to comply with lawfully issued orders, decrees and process.[8] Subsection (3) applies to conduct, such as that in the instant case, "occurring in or near the courtroom." *Commonwealth v. Garrison*, 478 Pa. 356, 371, 386 A.2d 971, 978 (1978); *In re Johnson*, 467 Pa. 552, 557, 359 A.2d 739, 741 (1976).

■■■ To sustain a summary adjudication of criminal contempt, every element of the offense must be proven beyond a reasonable doubt. *Mullaney v. Wilbur*, 421 U.S. 684, 95

---

7. While we recognize that there are two conflicting lines of decisions construing subsection (1), the great weight of authority, both state and federal, supports the construction of our more recent cases that attorneys do not fall within the purview of subsection (1). *Commonwealth v. Rubright*, 489 Pa. 356, 363 n.6., 414 A.2d 106, 109 n.6 (1980) (attorney's in–court remarks not covered by subsection (1)); *In re Cogan*, 485 Pa. 273, 280, 401 A.2d 1142, 1146 (1979) ("Subsection I permits the court to compel proper performance of a ministerial duty by a Commonwealth official."); *Commonwealth v. Garrison*, 478 Pa. 356, 368, 386 A.2d 971, 977 (1978); *In re Johnson*, 467 Pa. 552, 557, 359 A.2d 739, 741 (1976). *See also Cammer v. United States*, 350 U.S. 399, 76 S.Ct. 456, 100 L.Ed. 474 (1956) (construing similar federal statute); *Bloom v. Illinois*, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968) (dicta). *But see Commonwealth v. Stevenson*, 482 Pa. 76, 393 A.2d 386, (1978) (plurality opinion holding that trial lawyer may be an "officer" within subsection (1)).

8. "A conviction of contempt for violation of a court order can be sustained only if the order or decree was definite, clear, specific and left no doubt or uncertainty in the mind of the person to whom it was addressed of the conduct prohibited." *Commonwealth v. Garrison, supra*, n.7, 478 Pa. at 368–69, 386 A.2d at 977. *See also In re Johnson, supra*, n.7, 467 Pa. at 555, 359 A.2d at 741; *In re Cogan, supra*, n.7, 485 Pa. at 280–81, 401 A.2d at 1146. The statement which apparently provoked the contempt citation, while impertinent and disrespectful, violated no formal order of the Court. *See In re Johnson, supra*, n.7.

S.Ct. 1881, 44 L.Ed.2d 508 (1975); *In re Johnson, supra,* 467 Pa. at 557, 359 A.2d at 742. The necessary elements of proof for a conviction under Subsection (3) are: (1) misconduct in the court's presence, (2) intent to obstruct the proceedings, and (3) actual obstruction of the administration of justice. *Commonwealth v. Reid,* 494 Pa. 201, ——, 431 A.2d 218, 222 (1981); *Matter of Nugent,* 494 Pa. 2, ——, 427 A.2d 1154, 1157 (1980); *Commonwealth v. Garrison, supra,* 478 Pa. at 371, 386 A.2d at 979.

 For conduct to constitute an obstruction of the administration of justice, it must significantly disrupt judicial proceedings. *Commonwealth v. Rubright,* 489 Pa. 356, 364, 414 A.2d 106, 110 (1980); *Commonwealth v. Garrison, supra,* 478 Pa. at 372, 386 A.2d at 979; *In re Johnson, supra,* 467 Pa. at 558, 359 A.2d at 742. Mere affront to the trial judge is not enough. Remarks that are injudicious, or even disrespectful or insulting, will not, without more, justify a summary conviction for contempt of court. *Commonwealth v. Garrison, supra,* 478 Pa. at 373, 386 A.2d at 979.

 Intentional prosecutorial misconduct serious enough to warrant declaration of a mistrial undoubtedly would constitute an obstruction of the administration of justice sufficient to support a contempt conviction. The contempt citation challenged here, however, was not based on the pattern of intentional prosecutorial misconduct which cumulatively resulted in the mistrial. In fact, much of appellant's conduct deemed by the trial court to be sufficiently reprehensible to require the declaration of a mistrial occurred *after* the contempt citation. Significantly, the court held both appellant *and* defense counsel in contempt at the very same moment and admonished both for the very same conduct. Neither the words "prosecutorial misconduct" nor "mistrial" were even mentioned, and, other than a "short recess," the record discloses no disruption of the proceedings.[9]

9. We note that appellant's remark was considerably less repugnant than actions we have held contemptuous. *See, e.g., Commonwealth v. Patterson,* 452 Pa. 457, 308 A.2d 90 (1973) (violent altercation with

■ The statement of appellant which apparently led to the contempt citation was made as he objected to defense counsel's manner of questioning a Commonwealth witness. When defense counsel asked the witness why she was "so hostile" to him, appellant stated, "Objection, argumentative. Is there any reason why he's hostile to her?" The court then held *both* counsel in contempt. Appellant's remark appears to have been a rhetorical question addressed to the court in an attempt to explain his objection. Although clearly inappropriate and ill-advised, the question did not significantly disrupt the proceedings and thus did not constitute an obstruction of the administration of justice.[10]

Accordingly, the judgment of sentence is reversed.[11]

O'BRIEN, C. J., did not participate in the consideration or decision of this case.

NIX, J., concurred in the result.

sheriff's deputies as defendants unlawfully attempted to leave courtroom); *Commonwealth v. Snyder*, 443 Pa. 433, 275 A.2d 312 (1971) (defendant repeatedly interrupted the prosecutor's closing argument despite warnings from the court and refused to behave in an orderly manner); *Commonwealth v. Mayberry*, 434 Pa. 478, 255 A.2d 131 (1969), *rev'd on other grds.*, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971) (defendant, acting as is own counsel, interfered with the charge to the jury and called the judge a "hachet man for the state," a "dirty S.O.B.," a "dirty tyrannical old dog," a "bum" and "some kind of nut" in need of psychiatric treatment).

10. We emphasize, however, that an attorney, especially a prosecutor representing the Commonwealth, has an absolute duty to manifest an attitude of professional respect toward the court and to uphold the dignity of the judicial process. Because of his special status, an attorney's conduct in the courtroom can have great impact on the fair administration of justice and he therefore must conduct himself responsibly and respectfully at all times. *See Commonwealth v. Rubright, supra*, n.7.

11. In view of our decision, we need not reach appellant's contentions that the trial court's procedures denied him due process or that his conduct was protected by the First Amendment to the United States Constitution. Nor do we address the argument made in the brief submitted by the District Attorney of Philadelphia that the trial judge erred by failing to recuse himself and refer the contempt charges to another judge.