488 A.2d 633

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Joseph V. RESTIFO, Appellant.**

Superior Court of Pennsylvania.

Argued July 11, 1984.

Filed Feb. 21, 1985.

226

Joseph V. Restifo, Philadelphia, appellant, in propria persona.

Paul Gelman, Philadelphia, for Commonwealth, appellee.

Before WIEAND, OLSZEWSKI and POPOVICH, JJ.

WIEAND, Judge:

Joseph Restifo, Esquire, was summarily found guilty of direct criminal contempt because of unspecified conduct occurring after a non-jury trial had been adjourned for the day and while the trial judge was leaving the bench. Our review of the record fails to disclose evidence sufficient to sustain a conviction for contempt. Therefore, we reverse.

Joseph Restifo, Esquire, was counsel of record for the plaintiff in a civil action being tried non-jury in the Court of Common Pleas of Philadelphia. The tone of the trial was set early when Restifo asked the trial judge if the judge had asked that the case be assigned to him. After a short recess called by the trial judge so that he could have "an opportunity to calm down," the trial judge directed a tirade against counsel which accused counsel of suffering from a longstanding problem and suggesting that his "insulting and outrageously inflammatory question" may have been

the result of "some deepseated need ... for attention from your clients." The trial court suggested also that counsel's question may "have been a deliberate attempt to cause a disruption of the trial and ... some form of judge-shopping since you were unsuccessful, and clearly so, in your last matter that was before this Court." Finally, the trial judge told counsel that he had come "within a hair's breath of ending up in the Sheriff's cell" that the judge would refer the question asked by counsel to the Disciplinary Committee, and that "any further actions on your part along those lines would definitely be considered by me as a deliberate and intentional intent on your part to disrupt the orderly proceedings." Counsel responded: "Your Honor, in view of your comments I really must ask you to excuse yourself from further proceeding with this case." The motion for recusal was denied.[1]

After the trial had been adjourned at 5:15 p.m. and the trial judge was about to leave the courtroom, defense counsel inquired about the effect of a Jewish holiday upon the next day's proceedings. As a part of the trial judge's answer, he impliedly blamed Restifo for prolonging the trial and said, as the judge concedes, that Restifo "could care less about the entire schedule of anyone involved." [2] What happened next is not clear. Because court had been adjourned for the day, no record of the succeeding interchange was made, and the versions of the trial judge and Restifo vary widely. The version placed on the record by the trial judge was that Restifo had become upset and had jumped up and begun shouting that he wanted to put something on the record. When told to be seated and to stop shouting and screaming, according to the trial judge, Restifo refused. This was denied by Restifo, who said that

---

1. It is not our purpose to find fault in connection with this exchange. We refer to it only because it appears relevant in setting the stage for the events which followed.

2. Restifo had initially estimated the length of trial to be several hours. Shortly before adjournment, he told the trial judge that he believed he would require all of the next day to present his evidence. The trial judge then suggested that counsel had prolonged the trial by conferring unnecessarily with his client throughout the proceedings.

he had risen out of respect for the court and had spoken in a normal voice to make a request that the stenographer record the trial judge's remark that counsel could care less about other persons involved in the trial. We cannot know counsel's tone of voice in addressing the court. It is significant, however, that neither the version of the trial judge nor that of counsel contains any remarks by Restifo that were substantively contemptuous of the court. The record given to this Court for review suggests that counsel was courteous to the trial judge even in disagreement.[3] Nevertheless, after the two versions had been placed on the record, the trial judge summarily found Restifo in contempt of court and sentenced him to pay a fine of $500.00 and undergo imprisonment for a period of five days.

The inherent power of a court to inflict summary punishment for contempt of court is restricted by 42 Pa.C.S. § 4131. The provision pertinent to a decision in this case is contained in Subsection (3), where a direct, criminal contempt is defined as:

> "The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice."

"[The Supreme Court] has consistently held that subsection 3 requires proof beyond a reasonable doubt of (1) misconduct, (2) in the presence of the court, (3) committed with intent to obstruct the proceedings, which (4) obstructs the administration of justice. [T]he Pennsylvania summary contempt statute has been interpreted to require that in order '[f]or conduct to constitute an obstruction of the administration of justice, it must significantly disrupt judicial proceedings.'" *Commonwealth v. Cameron*, 501 Pa. 572, 575, 462 A.2d 649, 650 (1983) (citations omitted). See also: *In the Matter of Campolongo*, 495 Pa. 627, 435 A.2d 581 (1981).

The record in this case does not suggest misconduct by counsel intended to obstruct or which obstructed in fact the

---

**3.** The record discloses that the trial judge's version was placed on the record without interruption. Restifo's version was interrupted repeatedly by the trial judge to register disagreement with counsel's version.

proceedings then being tried. The trial had been adjourned for the day. The trial judge, in response to an inquiry by defense counsel, had replied in a manner which Restifo deemed worthy of recording. Therefore, he requested that the court stenographer be allowed to include the trial judge's remark as a part of the trial record. This apparently precipitated a dispute between counsel and the trial judge, but the subsequently recorded recollection of neither the court nor counsel has suggested that the disagreement was disruptive of the proceedings.

"A court of law," it has been said, "is not the personal fiefdom of the individual who happens to be sitting on the bench. . . . If a lawyer can be denied the opportunity even to address the court on the subject of what he conceives to be valid objection, it is hard to imagine what part of his function as advocate is left to him." *In the Matter of Nugent,* 494 Pa. 2, 7–8, 427 A.2d 1154, 1157 (1980), quoting *Edmunds v. Chang,* 365 F.Supp. 941, 948 (D.C.Hawaii 1973), *rev'd on other grounds,* 509 F.2d 39 (9th Cir.1975), *cert. denied,* 423 U.S. 825, 96 S.Ct. 39, 46 L.Ed.2d 41 (1975). It is the responsibility of counsel to represent zealously, but with due regard for the dignity of the judicial process, the position of his or her client. *Commonwealth v. Rubright,* 489 Pa. 356, 364, 414 A.2d 106, 110 (1980). A trial court will not be permitted to stifle an attorney's advocacy by refusing to allow an objection, and a request intended to perfect the record for subsequent review will not support a conviction for contempt. See and compare: *In the Matter of Nugent, supra.* Mere affront to the trial judge is not enough. Remarks that are injudicious, or even disrespectful, will not, without more, justify a summary conviction for contempt of court. *In the Matter of Campolongo, supra* 495 Pa. at 633, 435 A.2d at 584; *Commonwealth v. Garrison,* 478 Pa. 356, 373, 386 A.2d 971, 979 (1978). Inappropriate and even ill-mannered conduct which does not obstruct or delay the trial "falls short of that misbehavior which may be punished under [42 Pa.C.S. § 4131(3)]." *Commonwealth v. Rubright, supra* 489 Pa. at 364, 414 A.2d at 110.

"Judges are supposed to be [persons] of fortitude, able to thrive in a hearty climate. Trial courts ... must be on guard against confusing offenses to their sensibilities with obstruction to the administration of justice." *Commonwealth v. Stevenson*, 482 Pa. 76, 96, 393 A.2d 386, 396 (1978) (Manderino, J. dissenting), quoting *In the Matter of Little*, 404 U.S. 553, 555, 92 S.Ct. 659, 660, 30 L.Ed.2d 708, 711 (1972).

■ Even if we assume in the instant case that appellant's tone of voice was loud, or even insulting, his attempt to place on the record those remarks of the trial judge which were deemed inappropriate did not provide that requisite intent or that disruption of proceedings which is necessary to support a conviction for contempt. See: *In re Cogan*, 485 Pa. 273, 401 A.2d 1142 (1979).

Because the record does not support a conviction for contempt, we will reverse the order of the trial court and discharge the appellant. It is unnecessary, therefore, to consider appellant's additional argument that he was deprived of a constitutional right to be judged by a neutral and dispassionate judge as required by *Mayberry v. Pennsylvania*, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971).

The order of the trial court is reversed, and appellant is discharged.