529 A.2d 27

**Matter of J. Shane CREAMER, Esquire.**

**Appeal of J. Shane CREAMER, Esquire.**

Superior Court of Pennsylvania.

Argued May 27, 1987.

Filed Aug. 4, 1987.

Richard Sprague, Philadelphia, for appellant.

Before ROWLEY, KELLY and WATKINS, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Philadelphia County and involves the appeal of J. Shane Creamer, Esquire, from a finding by the trial court that he was in contempt of court due to his courtroom conduct in defending a client in a criminal jury trial. He was fined $500.00 for his conduct.

Appellant, Attorney Creamer, was defending one William G. Ison against charges of aggravated assault and related offenses arising from an incident in which one Vincent Regusters was alleged to be the victim. Ison and a co-defendant, Barry Hayes, were co-defendants charged with beating Regusters. At trial, Ison and Hayes, who were employed as security guards at a supermarket, maintained that Regusters was a shoplifter who they had apprehended as he was leaving the market. They claimed that Regusters started the altercation which resulted in his injuries by grabbing Hayes. Regusters claimed that he was handcuffed and beaten by the defendants and that he was not a shoplifter. As such, the outcome of the trial depended upon the credibility of Regusters.

At the trial, the appellant attacked the credibility of Regusters by attempting to show the jury that his trial testimony relative to the incident differed from statements he had made to the police. Appellant also attempted to discredit Regusters by demonstrating that he had an al-

leged financial stake in the outcome of the trial because he had filed a civil suit against the defendants claiming damages. The finding of contempt arose from appellant's attempts to discredit Regusters and the trial court's rulings relative to those attempts.

The actual incident which resulted in the contempt ruling occurred during closing argument when appellant, alluding to evidence that he was foreclosed from presenting, said to the jury, "Did you realize that you know more, we know more about you than you know about these defendants. For some reason the judge would not permit." At that point an objection was interposed by the district attorney and sustained by the trial judge. A short time later appellant, in addressing the jury relative to their duty to search for the truth, said, "I tried to get the police reports into evidence." An objection was again interposed, a sidebar conference requested by the district attorney, and appellant found in contempt of court at the sidebar conference. An argument then ensued as to whether the jury could have overheard the trial court's statement holding appellant in contempt. Appellant insisted upon repeating the trial court's admonishments to him made at sidebar so as to preserve them for the record. The trial court stated that it was appellant, not the court, who called the jury's attention to the sidebar remarks. In any event, appellant was found in contempt and fined $500. He appeals from that ruling.

Appellant cites Canon 7 of the Code of Professional Responsibility which states that, "A lawyer should represent a client zealously within the bounds of the law." However, this Canon does not excuse contemptuous conduct on the part of the lawyer. The issue at hand is whether appellant's conduct during the jury trial constituted contempt of court.

Our Legislature, in defining contempt of court, has provided that:

The power of the several courts of this Commonwealth to issue attachments and to inflict summary punishments

for contempts of court shall be restricted to the following cases:

(1) The official misconduct of the officers of such courts respectively.

(2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.

(3) The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.

42 Pa.C.S. 4131.

The issue which we must resolve is whether appellant's conduct at trial falls within any of the three categories described therein.

Subsection (1) of 42 Pa. C.S. 4131 pertains to the conduct of ministerial duties by court reporters, sheriffs, prothonotaries, and other court personnel. *Matter of Campolongo*, 495 Pa. 627, 435 A.2d 581 (1981). As such, it is not applicable to the conduct of attorneys at trial. Subsection (2) of 42 Pa. C.S. 4131 permits contempt to be imposed for disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court. As such, it is not applicable to the conduct of attorneys at trial as it addressed disobedience of court process, such as, subpoenas, summonses, discovery motions and other forms of process used to command the presence of parties and witnesses and the providing of information. It is subsection (3) of 42 Pa. C.S. 4131 which addresses the issue of the conduct of attorneys at trial.

 In order to sustain a conviction for contempt of *42 Pa. C.S. 4131(3)* there must be proof of: (1) misconduct; (2) in the presence of the court; (3) committed with intent to obstruct the proceedings; (4) which obstructs the administration of justice. *Commonwealth v. Collier*, 353 Pa.Super. 543, 510 A.2d 796 (1986); *Commonwealth v. Restifo*, 339 Pa.Super. 225, 488 A.2d 633 (1985). In *Restifo*, an attorney attempted to place on the record what he felt were inappropriate remarks by the trial judge. As in the instant case, there was disagreement between the trial judge and

the attorney as to what exactly had transpired. In over-turning the contempt citation in that case we held that:

"... It is the responsibility of counsel to represent zeal-ously, but with due regard for the dignity of the judicial process, the position of his or her client. *Commonwealth v. Rubright,* 489 Pa. 356, 364, 414 A.2d 106, 110 (1980). A trial court will not be permitted to stifle an attorney's advocacy by refusing to allow an objection, and a request intended to perfect the record for subsequent review will not support a conviction for contempt. See and compare: *In the Matter of Nugent* [494 Pa. 2, 7–8, 427 A.2d 1154, 1157 (1980) ] *supra.* Mere affront to the trial judge is not enough. Remarks that are injudicious, or even disre-spectful, will not, without more, justify a summary con-viction for contempt of court. *In the Matter of Campo-longo, supra,* 495 Pa. at 633, 435 A.2d at 584; *Common-wealth v. Garrison,* 478 Pa. 356, 373, 386 A.2d 971, 979 (1978). inappropriate and even ill-mannered conduct which does not obstruct or delay the trial 'falls short of that misbehavior which may be punished under (42 Pa. C.S. § 4131(3)).' *Commonwealth v. Rubright, supra,* 489 Pa. at 364, 414 A.2d at 110. 'Judges are supposed to be (persons) of fortitude, able to thrive in a hearty cli-mate. Trial courts ... must be on guard against confus-ing offenses to their sensibilities with obstructions to the administration of justice.' *Commonwealth v. Stevenson,* 482 Pa. 76, 96, 393 A.2d 386, 396 (1978) (Manderno (sic) J. dissenting), quoting *In the Matter of Little,* 404 U.S. 553, 555, 92 S.Ct. 659, 660, 30 L.Ed.2d 708, 711 (1972).

█ In the instant case we find that appellant's conduct at trial was not committed with intent to obstruct the proceedings. Nor did it obstruct the administration of justice. While we can understand a trial judge's frustra-tions with an attorney who insists repeatedly upon attempt-ing to delve into areas which the court has foreclosed, we cannot hold that such attempts transcend the bounds of zealous advocacy and become contemptuous unless it can be shown that such was done with the intent to obstruct the

proceedings. Since there is nothing of record to show that such conduct occurred in the instant case we must hold that appellant's conduct was not contemptuous. Therefore, we will reverse the contempt citation.

Order reversed; jurisdiction relinquished.