501 A.2d 281

**Brian KINTER**

v.

**William KINTER.**

**Appeal of Daniel F. GLASSMIRE.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1985.

Filed Nov. 29, 1985.

David B. Fawcett, Jr., Pittsburgh, for appellant.

Before OLSZEWSKI, POPOVICH and MONTGOMERY, JJ.

PER CURIAM:

This appeal arises from the hearing court's finding of appellant, counsel for defendant in the underlying custody matter, in direct criminal contempt. The court fined appellant $300.00, had the order reduced to judgment, and the within notice of appeal was filed.

On January 25, 1985, appellant presented an oral motion to have the hearing judge recused from hearing the underlying custody matter. The motion for recusal was premised upon alleged improprieties on the part of the hearing judge. On January 29, 1985, after reviewing the written motion and the transcript, the hearing court found appellant in contempt of court.

Appellant presents three (3) issues for our consideration: (1) whether appellant's conduct in making a motion for the hearing judge to recuse himself constituted direct criminal contempt; (2) whether the hearing court's order of contempt denied appellant due process; and, (3) whether the hearing judge was required to recuse himself from consideration of the alleged contempt matter. The following analysis and disposition of appellant's first assignment of error obviates the need for us to discuss claims two and three above.

■ Although the hearing court did not issue its order of contempt until four (4) days after the purportedly contemptuous behavior, the manner of issuance renders it a summary adjudication of criminal contempt in accordance with 42 Pa.C.S.A. § 4132(3) which provides:

> The power of the several courts of this Commonwealth to issue attachments and to impose summary punishments for contempts of court shall be restricted to the following cases:
>
> .   .   .   .   .
>
> (3) The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.

*See also, Commonwealth v. Garrison,* 478 Pa. 356, 371, 386 A.2d 971, 978 (1978); *In re Johnson,* 467 Pa. 552, 557, 359 A.2d 739, 741 (1976).

■ To sustain a summary adjudication of criminal contempt, the acting court must have before it proof of every element of the offense beyond a reasonable doubt. *Matter of Campolongo,* 495 Pa. 627, 631, 435 A.2d 581, 583 (1981); *Commonwealth v. Reid,* 494 Pa. 201, 207, 431 A.2d 218, 222 (1981). The elements of direct criminal contempt are "(1) misconduct in the court's presence, (2) intent to obstruct the proceedings, and (3) actual obstruction of the administration of justice." *Matter of Campolongo,* 495 Pa. at 633, 435 A.2d at 584 (1981), citing *Commonwealth v. Reid,* 494 Pa. 201, 207, 431 A.2d 218, 222 (1981) (other cites omitted). In evaluating the elements of the offense, it is important to note that:

> Mere affront to the trial judge is not enough. Remarks that are injudicious, or even disrespectful or insulting, will not, without more, justify a summary conviction for contempt of court.

*Matter of Campolongo,* 495 Pa. at 633, 435 A.2d at 584, citing *Commonwealth v. Garrison,* 478 Pa. at 373, 386 A.2d at 979.

■ Our review of the record herein reveals that the motion for recusal which resulted in the court's finding appellant in direct criminal contempt of court does not rise to the level of contumacious behavior contemplated by 42 Pa.C.S.A. § 4132(3) and relevant case authority. Although certain portions of the motion may have been ill-advised, the motion did not significantly disrupt the proceedings, nor can we find sufficient proof of intent to so disrupt.

Accordingly, the order of contempt is vacated, and the judgment of sentence is reversed.

OLSZEWSKI, J., files a dissenting opinion.

OLSZEWSKI, Judge, dissenting:

We respectfully dissent.

We wholeheartedly agree with the majority that simply making a motion for a judge to recuse himself is not grounds for criminal contempt.

A careful examination of the record reveals that there was more interaction between appellant and the court than the motion to recuse. For this reason, we would remand this case for a full hearing before a disinterested judge.