J-S15009-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER N. URBANO | : | |
| | : | |
| Appellant | : | No. 569 WDA 2018 |

Appeal from the Judgment of Sentence March 22, 2018
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-MD-0000318-2018

BEFORE: GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                              FILED MAY 8, 2019

Appellant, Christopher N. Urbano, appeals from the judgment of sentence of a fine of $200 after his conviction of criminal contempt of court.[1] We affirm.

The criminal contempt conviction arises out of the failure of Appellant, an attorney, to attend a March 8, 2018 pre-trial conference before the Honorable Valarie Costanzo in a criminal matter in which Appellant represented the defendant, Nicholas James Murphy. By way of background, Appellant also previously missed a pre-trial conference on November 30, 2017 in the same matter but before a different judge, the Honorable Michael J. Lucas. A contempt hearing was held on December 18, 2017. At the earlier contempt hearing, the transcript of which was made part of the record in the

_____

[1] 42 Pa.C.S. § 4132.

\* Retired Senior Judge assigned to the Superior Court.

instant case, Appellant stated that his failure to attend the November 30, 2017 pre-trial conference was a result of a miscommunication among his staff members who neglected to file a motion for a continuance when it was learned that Allegheny County would not release Murphy for the conference. N.T., 12/18/17, at 3-13. Judge Lucas explained that, though this was not the "first time this had happened," he would not find Appellant in contempt and advised that he hoped Appellant would "be a little more respectful of Court dates...with the other judges who are going to have the criminal docket come the first of the year." Id. at 15, 20-21. Appellant informed the court that "[t]his is a learning lesson I will not forget." Id. at 21.

The matter involving Murphy was then assigned to Judge Costanzo, and on January 30, 2018, following a pre-trial conference, Judge Costanzo issued a case management order scheduling the final pre-trial conference for March 8, 2018, and setting forth other relevant dates related to the underlying case, including the deadline for the submission of proposed voir dire questions and the date for jury selection. Relevant to the instant proceeding, the case management order stated: "A final Pre-Trial Conference shall be conducted before the undersigned on Thursday, March 8 at 9:30 in Courtroom 3" and "Defendant shall be present at the final Pre-Trial Conference. Defendant's failure to appear shall result in the issuance of a Bench Warrant."[2] N.T.,

---

[2] While the January 30, 2018 case management order was not made part of the record, Judge Costanzo read out the relevant portions of the order at the contempt hearing, and neither party contests the accuracy of the quoted portions of the order.

3/22/18, at 11, 19. While Appellant failed to appear in court on March 8, 2018, his client, Murphy, was brought to the trial court from a correctional facility for the pre-trial conference, and Mr. Murphy indicated to the court that he had not spoken to Appellant for some time prior to the hearing. Id. at 3-4, 15-16, 25-26.

At the March 22, 2018 contempt hearing, Appellant stated that he did not personally see the January 30, 2018 case management order when it arrived at his office but that someone else on his staff received it and placed it in the file. Id. at 17-18, 22-23. Appellant further stated that he "saw the deadlines" in the order, but that he did not think anything else was required in this case, such as the submission of additional voir dire questions, prior to jury selection. Id. at 19. Appellant attributed his failure to attend the pre-trial conference to his having to manage too large of a caseload and attend too many court dates as a sole practitioner. Id. at 12-15, 18. Appellant also explained that he had hired new staff and adopted new computer case management systems after he missed the November 30, 2017 pre-trial conference, but that it had taken a long time to integrate the staff and fully implement the systems. Id. at 12-15. At the hearing, the prosecutor also stated that the earlier incident referenced by Judge Lucas at the December 18, 2017 contempt hearing related to Appellant missing a court appearance in Allegheny County in November 2016.[3] Id. at 39.

---

[3] Appellant has not disputed, either at the March 22, 2018 contempt hearing or in this appeal, that this earlier Allegheny County incident occurred.

Judge Costanzo found Appellant guilty of criminal contempt and sentenced him to pay a fine of $200. Id. at 42; Order, 3/22/17. Appellant filed a timely notice of appeal, and then filed his statement of errors complained of on appeal, as directed by the trial court, on May 17, 2018. The trial court issued its Pa.R.A.P. 1925(a) opinion on June 12, 2018.

On appeal, Appellant raises the following issues:

I. Was the evidence insufficient as a matter of law to support the conviction for criminal contempt under 42 Pa.C.S. §4132(2), insofar as the Commonwealth did not prove beyond a reasonable doubt that Attorney Urbano's failure to appear for the Pre-trial Conference on March 8, 2018, was volitional, willful and deliberate?

II. Was the evidence insufficient as a matter of law to support the conviction for criminal contempt under 42 Pa.C.S. §4132(3), insofar as the Commonwealth did not prove beyond a reasonable doubt that Attorney Urbano's failure to appear for the Pre-trial Conference on March 8, 2018, was committed with the intent to obstruct the proceedings?

Appellant's Brief at 4 (suggested answers omitted).

We review a trial court's finding of contempt for an abuse of discretion. Commonwealth v. Moody, 125 A.3d 1, 12 (Pa. 2015). This standard is necessarily narrow and "empowers a trial judge with the ability to maintain command over his or her courtroom." In the Interest of C.W., 960 A.2d 458, 466 (Pa. Super. 2008) (citation omitted). "Much weight should be given to the trial court's judgment in assessing the necessities of a particular situation." Moody, 125 A.3d at 12 (citation omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Judge Costanzo, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of those questions, explaining that there was sufficient evidence for a finding of criminal contempt beyond a reasonable doubt under subsections (2) and (3) of 42 Pa.C.S. § 4132.[4] See Trial Court Opinion, 6/12/18, at 3-12. Accordingly, we affirm on the basis of the trial court's opinion. The parties are instructed to attach the opinion of the trial court in any filings referencing this Court's decision.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2019

_____

[4] The relevant subsections of 42 Pa.C.S. § 4132 provide as follows:

> The power of the several courts of this Commonwealth to issue attachments and to impose summary punishments for contempts of court shall be restricted to the following cases:
> ...
> (2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.
> (3) The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.

42 Pa.C.S. § 4132(2)-(3).

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA, )
)
Appellee, )
)
) No. MD-318-18
)
CHRISTOPHER N. URBANO, )
)
Appellant. )

OPINION PURSUANT TO Pa.R.A.P. 1925(a)

This matter comes before the Superior Court of Pennsylvania upon the appeål

oft:Christopher N. Urbano ("Appellant") from an Order of this court dated March 22, 2018. The

Order found Appellant in criminal contempt for failing to appear for a pre-trial conference

scheduled for March 8, 2018. Appellant filed a Notice of Appeal on April 23, 2018. On April

25, 2018, this court ordered Appellant to file a concise statement of errors complained of on

appeal within twenty-one (21) days pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a

Statement of Errors Complained of On Appeal on May 17, 2018. For the reasons set forth

below, this court properly found Appellant in criminal contempt.

PROCEDURAL HISTORY

Appellant is an attorney who represented Defendant Nicholas James Murphy in two

criminal matters at docket numbers CP-63-CR-723-2017 and CP-63-CR-2906-2017 in

Washington County, Pennsylvania. Appellant requested a jury trial with regard to these matters

on January 30, 2018 and jury selection was subsequently scheduled for March 19, 2018.

Pursuant to a Case Management Order (hereinafter "CMC)") issued by this court on January 30,

2018, Appellant was directed to appear for a pre-trial conference on March 8, 2018. After

1

Appellant failed to appear for the conference, a criminal contempt hearing was scheduled before the court on March 22, 2018. Appellant appeared for said hearing and was represented by Dennis

J. Popojas, Esquire, and the Commonwealth was represented by John P. Friedmann, Esquire.

Following the hearing, this court found Appellant in criminal contempt for failing to appear at

the aforementioned pre-trial conference and ordered Appellant to pay a fine of $200.

## OPINION

At the outset of this discussion, the court notes: "When reviewing a contempt conviction to determine the sufficiency of the evidence presented, the appellate court will place great reliance on the discretion of the trial judge and is limited to a determination of whether the facts support the trial court's finding." Himes Himes, 833 A.2d 1124, 1125 (Pa. Super. 2003) (citing Commonwealth v. Kolansky, 800 A.2d 937, 939 (Pa. Super. 2002)). The Judicial Code permits the courts of this Commonwealth to impose sanctions for contempt in three situations, two of which are applicable here:

> (2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.
> (3) The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.

42 Pa.C.S.A. §4132(2), (3). Sanctions for an attorney's failure to appear for scheduled court hearings have long been considered matters of criminal contempt. Stewart v. Foxworth, 65 A.3d 468, 471 (Pa. super. 2013).

## Grounds for Criminal Contempt

1. 42 Pa.C.S.

Under 42 Pa.C.S. §4132(2), the following four elements must be proven beyond a reasonable doubt for a criminal contempt conviction to be sustained:

(1) The [court's] order or decree must be definite, clear, specific and leave no doubt or uncertainty in the mind of the person to whom it was addressed of the conduct prohibited; (2) the contemnor must have had notice of the specific order or decree; (3) the act constituting the violation must have been volitional; and (4) the contemnor must have acted with wrongful intent. Kolansky, 800 A.2d at 939-940. Furthermore, the evidence must establish "an intentional disobedience or an intentional neglect of the lawful process of the court," [d. at 940. Wrongful intent will be found where the actor "knows or should reasonably be aware that his conduct is wrongful." Commonwealth v. Debose, 833 A.2d 147, 149 (Pa. Super.

2003) (citing McCusker v. McCusker, 631 A.2d 645, 648-649 (Pa. Super. 1993)).

However, "direct (as well as subjective) intent is not necessary where a reckless disregard for the directions of the court can be proven." Id.

This court finds the Commonwealth has proven all of the elements beyond a reasonable doubt with regard to §4132(2). First, the court's order was definite, clear, and specific and left no doubt or uncertainty in the mind of the person to whom it was addressed of the conduct prohibited. This coun issued a CMO on January 30, 2018. (Contempt Hr' g Tr. 3, March 22, 2018.) The CMO stated: "A final Pre-Trial Conference shall be conducted before the undersigned on Thursday, March 8 at 9:30 in Courtroom 3." (Hr'g Tr. I l.) The CMO further provided: "Defendant shall be present at the Final Pre-Trial Conference. Defendant's failure to appear shall result in the issuance of a Bench Warrant." (Hr'g Tr. 19.) The court noted at the hearing that these two sentences were "in bold" and that this portion of the CMO "jumps out" at the reader. (Hr'g Tr. 19.) -Upon review of all the aforementioned facts, this coufi is satisfied the Commonwealth has met its burden with regard to the first element of the offense.

Second, this court finds that the contemnor had notice of the specific order. The notation on the CMO indicates that copies of the CMO were sent to "DA, attorney and defendant" on January 31, 2018. (Hr'g Tr. 3.) During cross-examination by Attorney Friedmann, Appellant acknowledged that his office received the CMO. which was then "noted on the file." (Hr' g Tr.

3

22.) Based on these facts, the court is satisfied Appellant received adequate notice of the CMO.

Third, the court finds Appellant's act constituting the violation was volitional. At the outset of this discussion, the court notes that Appellant's testimony throughout the hearing was unclear and digressive. Appellant initially stated that he "did not actually see" the CMO and that he "did not read it." (Hr'g Tr. 17, 18.) However, Appellant was apparently aware of other dates listed on the CMO, including the deadline to submit proposed voir dire questions and the scheduled jury selection for Defendant Murphy's trial on March 19, 2018. Appellant later testified thathe had in fact "noticed the deadline dates" on the CMO. (Hr'g Tr. 19.) He stated that Defendant Murphy's case was "not one that there were any extra voir dire questions [he) felt were necessary." (Hr'g Tr. 19.) Appellant further testified he was "driving" to the Washington County Courthouse on the date ofjury selection. (Hr'g Tr. 24.)

In addition, Appellant's statements indicate he was under the impression that he was not required to appear for the pre-trial conference because there were no pre-trial matters to discuss in relation to Defendant Murphy's case. Regarding his failure to appear, Appellant stated that he "thought we were already aware of the dates" and that he did not feel any extra voir dire questions were necessary. (Hr'g Tr. 18, 19.)

Upon consideration of all the circumstances, the court finds that Appellant was aware of the pre-trial conference and willfully failed to appear. The court gathers that Appellant knew of the pre-trial conference since Appellant was apparently aware of other dates listed on the CMO. including the deadline to submit voir dire questions and the date ofjury selection. Appellant also expressed to the court that he did not realize he was required to attend the pre-trial conference since there were no pre-trial issues to discuss. However, Appellant's confusion as to whether he

4

was obligated to attend is not a valid excuse because the language in the CMO clearly indicates Appellant was required to attend. Further, there was no evidence presented that Appellant was involved in an emergency situation on the date of the pre-trial conference or that he had other incourt commitments. Accordingly; this court finds Appellant's failure to appear was wholly volitional and the Commonwealth has met its burden with regard to the third element of the offense.

Finally, this court finds Appellant acted with wrongful intent. As has been established. Appellant was aware of the pre-trial conference and willfully failed to appear. The CMO states: "A final Pre-Trial Conference shall be conducted before the undersigned on Thursday, March 8 at 9:30 in Courtroom 3." (Hr'g Tr. 11.) The CMO further provides: "Defendant shall be present at the Final Pre-Trial Conference. Defendant's failure to appear shall result in the issuance of a Bench Warrant." (Hr'g Tr. 19.) At the hearing, the court stated that these two sentences were "in bold" and that this portion of the CMO "jumps out" at the reader. (Hr' g Tr.. 19.) The court finds this language is clear and unambiguous and should have alerted Appellant that he was required to be in attendance. Thus, by the language of the CMO alone, Appellant should have reasonably been aware that his failure to appear was wrongful.

Furthermore, the court places great emphasis on the fact that Appellant has a history of failing to appear at scheduled hearings and has been involved in several contempt proceedings. At the instant hearing, Attorney Friedmann explained that Appellant had a similar incident in the recent past in Allegheny County in 2016. (Hr'g Tr. 39.) In addition, on December 18, 2017, a contempt proceeding involving Appellant was held before the Honorable Michael J. Lucas of the Washington County Court of Common Pleas. This hearing was held because Appellant had failed to appear for another pre-trial conference regarding Defendant on November 30,

5.

2017. (Contempt Hr'g Tr. 3, December 18, 2017.) At the time, Appellant apologized profusely to the court and stated that he would "make every effort to.. .not let this happen again" and added that he believed "it won't be an issue again." (Hr'g Tr. 3, 8.) Judge Lucas noted that "this isn't the first time this has happened" and stated he "would have hoped... that [Appellant] would have learned from that." (Hr'g Tr. 15.) However, Judge Lucas ultimately did not make a finding of contempt against Appellant. (Hr' g Tr. 20.)

This court is deeply troubled that, roughly three months before- the instant hearing occurred, Appellant was involved in a contempt proceeding before Judge Lucas involving the exact same criminal case under very similar circumstances. Furthermore, much of what Appellant stated during the hearing before Judge Lucas mirrors what he stated during the instant hearing. For example, Appellant repeatedly apologized to this court and stated: "I want to get these cases done, and I really would like to demonstrate to this Court going forward I am not going to be an attorney that you have to be concerned about." (Contempt Hr' g Tr. 19, March 22, 2018.) However, the court is not convinced that Appellant's statements were sincere since Appellant made virtually the same statements to Judge Lucas a few months earlier.

After finding Appellant was not in contempt, Judge Lucas told Appellant he was hopeful that "this experience has taught you that you have to be a little more respectful of Court dates," to which Appellant replied: "This is a learning lesson I will not forget." (Contempt Hr' g Tr. 2021, December 18, 2017.) Ultimately, however, this court is not convinced Appellant has derived any "learning lesson" from his previous contempt proceeding, nor does the court believe Appellant is truly committed to improving his case management. The record reflects that Appellant has exhibited a repeated failure to appear for court hearings. In the instant matter, Appellant should have realized the seriousness of failing to appear for scheduled court hearings and should have reasonably known that this type of conduct was wrongful, especially considering

6

he was almost found in contempt by Judge Lucas and was previously involved in another contempt proceeding in Allegheny County under similar circumstances. Accordingly: the court finds that the Commonwealth has met its burden with regard to the foufih element of the offense.

Assuming, arguendo, the Commonwealth did not establish the requisite intent for criminal contempt under §4132(2), this court finds the Commonwealth has proven a reckless disregard for the directions of the court on Appellant's part. Appellant acknowledged that his case management has been problematic and that he understands he needs "to be much more careful, pay more careful attention when orders come in." (Hr'g Tr. 13, 15.) Appellant requested the court to grant him a chance to improve his case management so that this problem would not occur again. (Hr'g Tr. 8, 15.) However, as has been established, Appellant knew the CMO existed and was aware of the dates listed on the CMC). The language of the CMO is clear and unambiguous and should have left no doubt in Appellant's mind regarding his obligation to appear. Even if Appellant has been experiencing difficulties in maintaining his practice, the court believes Appellant could have carefully read the CMO and noted the date of the pre-trial conference without much difficulty. Furthermore, this court reiterates that Appellant has a history of failing to appear for court hearings and has been involved in several contempt proceedings in the past. Appellant's prior experiences should have motivated him to improve his case management long ago, Accordingly, this court finds the Commonwealth has proven a reckless disregard on Appellant's part for the court's directions.

11. 42 Pa.C.S.

In order for a defendant to be convicted of criminal contempt under 42 Pa.C.S. §4132(3)3 four elements must be proven beyond a reasonable doubt: "(1) misconduct; (2) in the presence of the court; (3) committed with the intent to obstruct justice; and (4) that obstructs the administration of justice." In re C. W., 960 A.2d 458, 469 (Pa. Super. 2008) (citing Behr v. Behr,

7

695 A.2d 776, 779 (Pa, Super. 1997)). Misconduct is defined as "behavior that is inappropriate to the role of the actor," Himes v. Himes, 833 A.2d 1124, 1126 (Pa. Super. 2003). Misconduct is deemed to have occurred in the presence of the court "if the court itself witnesses the conduct or if the conduct occurs outside the courtroom but so near thereto that it obstructs the administration of justice." Commonwealth v. Garrison, 386 A.2d 971, 979 (Pa. 1978). Wrongful intent will be found "where the contemnor knows or reasonably should be aware that his conduct is wrongful." Himes, 833 A.2d at 1126. In order for a defendant's conduct to obstruct the administration of justice, the conduct must "significantly disrupt proceedings." Williams v. Williams, 721 A.2d 1072, 1074 (Pa. 1998) (citing Matter of Camp010ngo, 435 A.2d 581, 584 (Pa. 1981)). Furthermore, the conduct must cause "actual, imminent prejudice to a fair proceeding or prejudice to the preservation of the court's orderly procedure and authority." Id. (citing Garrison, 386 A.2d at 979).

This court finds the Commonwealth has proven all of the elements beyond a reasonable doubt with regard to §4132(3). First, the court finds Appellant exhibited misconduct. Here, Appellant disregarded the clear language of a court order and failed to appear for a scheduled pre-trial conference. The CMO provided: "A final Pre-Trial Conference shall be conducted before the undersigned on Thursday, March 8 at 9:30 in Courtroom 3." (Contempt Hr' g Tr. I 1, March 22, 2018.) The CMO further stated: "Defendant shall be present at the Final Pre-Trial Conference. Defendant's failure to appear shall result in the issuance of a Bench Warant."

(Hr'g Tr. 19.) This portion of the CMO was "in bold" and "jumps out" at the reader. (Hr: g Tr. 19.) As was previously stated, this court finds the language of the CMO was clear and unambiguous and alerted Appellant of his obligation to attend the pre-trial conference.

Additionally, Appellant's testimony demonstrates that he knew the CMO existed and was aware of the deadlines listed on same. Although Appellant contents that he did not realize

8

he was required to attend the pre-trial conference, his testimony was not credible. Appellant admitted that he had "noticed the deadline dates" on the CMC). (Hr'g Tr. 19.) Furthermore, Appellant was apparently aware of the date of jury selection for Defendant MulVhy's case, and testified he was "driving" to the Washington County Courthouse on the date of jury selection. (Hr'g Tr. 24.) Regarding his failure to appear, Appellant stated that he "thought we were already aware of the dates" and that he did not feel any extra voir dire questions were necessary. (Hr'g Tr. 18, 19.)

Upon review of the record, the court finds Appellant knew of the pre-trial conference and willfully failed to appear. No evidence was presented at the hearing indicating Appellant was involved in an emergency situation or that he had other in-court commitments at the time of the pre-trial conference. Appellant's excuse that he did not realize he was obligated to be in attendance simply is not credible. The CMO's directive was clear and unambiguous, yet Appellant completely disregarded it. As an attorney, Appellant has an obligation to carefully read and comply with all court orders, to appear for all scheduled court hearings, and to zealously represent his clients. Because Appellant's willful failure to appear is inappropriate to his role as an attorney, the court finds the Commonwealth has met its burden with regard to the first element of the offense.

Second, the court finds Appellant's misconduct occurred in the presence of the cout Here, Appellant was scheduled to appear for a final pre-trial conference before this court but failed to do so. In Himes, the defendant, counsel of record in a custody matter, failed to appear for a custody mediation proceeding. The Superior Court explained that "his action or inactions occurred 'in the presence of the court'" and affirmed the trial court's finding of contempt. Himes, 833 A.2d at 1127. Likewise, Appellant's inactions occurred in the presence of this court, and the Commonwealth has met its burden with regard to this element.

9

Third, the court finds Appellant's conduct was committed with the intent to obstruct justice. In Himes, the defendant failed to appear for a scheduled hearing because he apparently "felt he could not zealously represent Himes and wished to withdraw his representation." Id. The defendant, however, did not properly withdraw from representation. Id. The Superior Court found that the defendant's failure to appear was "inappropriate," and the defendant "reasonably should have known such conduct was wrongful. Ids Similarly, this court finds that Appellant should have reasonably known his conduct was wrongful for several reasons. First, as was previously discussed, Appellant claimed at the instant hearing that he did not realize he was required to attend the pre-trial conference because there were no pre-trial issues to discuss. However, the CMO contains a clear and unambiguous directive for Appellant to attend the pretrial conference; thus, Appellant's belief is unreasonable. Both jury selection and a jury trial were scheduled for the following Monday; there were several important matters such as voir dire questions and motions in limine which were to be addressed at the conference. Similar to the facts in Himes, due to Appellant's failure to appear, both jury selection and the jury trial had to be continued, which clearly obstructed the administration of justice. Accordingly, Appellant should have reasonably known his failure to appear was wrongful.

In addition, this court finds that Appellant should have known his behavior was wrongful because of his prior experiences with contempt proceedings. As has been established, Appellant has a history of failing to appear at scheduled hearings and has been involved in several contempt proceedings, including a proceeding in November of 2016 in Allegheny County and another on December 18, 2017 before Judge Lucas in Washington County. (Hr'g Tr. 4, 39.) The hearing before Judge Lucas was held under the same circumstances as the instant hearing: Appellant had failed to appear for another pre-trial conference regarding Defendant Murphy on November 30, 2017. (Contempt Hr'g Tr. 3, December 18, 2017.) At this hearing,

10

Appellant repeatedly apologized to the court and stated that he would "make every effort to... not let this happen again" and also told the court he believed "it won't be an issue again." (Hr'g Tr. 3, 8.)

Judge Lucas ultimately did not make a finding of contempt against Appellant, to which Appellant replied: "This is a learning lesson I will not forget." (Contempt Hr'g Tr. 20-21, December 18, 2017.)

Apparently, Appellant has forgotten this "learning lesson" roughly three months after making this statement, and the court finds this to be deeply troubling. Appellant's experiences with contempt proceedings should have made Appellant aware of the seriousness of failing to appear for a court hearing. Furthermore, these experiences should have motivated Appellant to improve his case management long before the instant hearing occurred. Unfofiunately, it is clear to this court that Appellant has not learned anything from these experiences and that he has made minimal efforts to improve his case management. At the hearing before this court, Appellant apologized excessively and also stated: "I'm respectfully requesting of this Court consider the fact that I will do whatever I need to do to make this right in terms of getting this fixed .,,

(Contempt Hr'g Tr. 14, March 22, 2018.) However, the court is not convinced that such

statements were sincere since Appellant made very similar statements to Judge Lucas, and the court fears this pattern is going to continue. Because Appellant should have been aware his conduct was wrongful considering his prior experiences with contempt proceedings, the court finds that the Commonwealth has met its burden with regard to the third element of the offense. Finally, this court finds that Appellant's misconduct obstructed the administration of justice. Because of Appellant's failure to appear for the pre-trial conference, Defendant Murphy's jury trial was rescheduled from the March trial term to the May trial term. (Hr'g Tr.

11

39.) Considering the lengthy number of jury trial requests this court receives, this court has a substantial interest in conducting jury trials efficiently. Furthermore, criminal defendants have an important interest in having their cases resolved quickly. Appellant has caused a significant delay to court proceedings and has also caused a hardship for Defendant MulPhy who is incarcerated awaiting trial. Therefore, this court finds the Commonwealth has met its burden with regard to the fourth element of the offense.

111. 42 Pa.C.S.

Appellant's Statement of Errors Complained of on Appeal asserts that Appellant was charged with criminal contempt under 42 Pa.C.S. §5947(f) according to the docket at number CP-63-MD-0000318-2018. (Statement of Errors Complained of On Appeal 2, May 17, 2018.) However, §5947(f) is inapplicable to the instant matter. This statute was included on the docket due to a clerical error.

## CONCLUSION

For the reasons set forth above, the order of this court dated March 22, 201 8 should be affirmed and Appellant's appeal should be dismissed.

DATE:                                                    BY THE COURT:

_6 12-18_                                   _Valarie Costanzo_

                                                VALARIE COSTANZO, JUDGE

12